**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Case No. 1:17-cv-59**

| | |
|---|---|
| **SEVERN PEANUT COMPANY, INC.**<br>        Plaintiff,<br><br>    vs.<br><br>**KRISTI T. HAMPTON**, individually;<br>**THOMAS HAMPTON**, individually;<br>**KRISTI T. HAMPTON and THOMAS HAMPTON**, jointly and as effectively a marital general partnership,<br>        Defendants. | **STIPULATED PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)** |

WHEREAS, this is an action for trademark infringement, in which matters pertaining to uses of the mark (including but not limited to confidential customer lists), alleged damages (including but not limited to confidential commercial and financial data), past and present confidential marketing plans, are already and are in the future anticipated to be the subject of discovery requests, and discovery in this case is likely to require production and disclosure, by both parties and third parties, of information that is confidential, proprietary or trade secret information, including without limitation those items discussed above together with other sensitive research, development, financial and commercial information; and

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the stipulation of the parties, the parties agree, as evidenced by the signatures of the undersigned counsel, to the entry of the following Joint Protective Order (the "Order") to govern this case.

IT IS THEREFORE ORDERED that there is good cause for the entry of a protective order in the following form in order to expedite discovery and provide protection for confidential, proprietary and trade secret information of both the parties to this action and third parties who may be required to produce documents in this action:

1. **Information Subject to Being Designated "Confidential."** Any party, entity, or person claiming an interest in information produced or disclosed in the course of this action who reasonably and in good faith believes such information contains or constitutes, at the time of designation, confidential information, may designate it as such, whether the information is, or is in, a document, revealed during testimony at a deposition or hearing, revealed in answers to interrogatories or disclosed in other papers filed with the Court or served in this action. For purposes of this Order, CONFIDENTIAL information is defined as: (1) trade secrets or other information of a non-public nature considered by the producing party or person to be commercially or personally sensitive, confidential and/or proprietary; or (2) other sensitive or proprietary research, analysis, development,

marketing, financial or commercial information, including information likely to be deemed sensitive by a non-party, as to which the entry of a protective order is necessary to protect the producing party from disclosure to anyone other those persons permitted by the terms of this Order in order to protect the party's confidential information, and to avoid loss of rights, unreasonable annoyance, embarrassment, oppression, or undue burden or expense as provided in Fed. R. Civ. P. 26(c).

2. **Designating Information "Confidential."** To designate a document or thing as containing CONFIDENTIAL information, the designating party shall:

   a. For a document, place the term "CONFIDENTIAL" on each page of the document that is intended to be designated as CONFIDENTIAL, in a manner that will not interfere with the legibility of the document; and

   b. For things, by affixing a label bearing the term "CONFIDENTIAL" on any things that may be produced; and

   c. Where such labeling or affixation is not reasonably feasible (for example, on electronic documents produced in native form), shall provide some other reasonable form of notice of the designation at the time the document is produced;

   d. With respect to deposition testimony, shall indicate any portion thereof as CONFIDENTIAL by either indicating on the record that all or any part of

the deposition is subject to such designation or by notifying all parties in writing of such designation within twenty-one (21) days after the deposition transcript is prepared. All depositions shall be treated as CONFIDENTIAL until twenty-one (21) days after the deposition transcript is prepared.

3. **Information Subject to Being Designated "Attorneys' Eyes Only."** Any party, entity, or person claiming an interest in information produced or disclosed in the course of this action who reasonably and in good faith believes such information contains trade secrets or proprietary business information, such as but not limited to information relating to manufacturing methods, product development plans, or highly confidential business information such as marketing plans, supplier or customer lists, pricing plans or information, balance sheets, financials, or other highly confidential information which the producing party believes would put it at a competitive disadvantage or would involve information of a highly personal and sensitive nature may designate it as "ATTORNEYS' EYES ONLY," whether the information is contained in a document, revealed during testimony at a deposition or hearing, revealed in answers to interrogatories or disclosed in other papers filed with the Court or served in this action.

4. **Designating Information "Attorney's Eyes Only."** To designate a document "Attorneys' Eyes Only," the designating party shall add to the term

CONFIDENTIAL the additional designation "ATTORNEYS' EYES ONLY," affixed in the same manner, and within the same time frames as set out above for the term CONFIDENTIAL. Specifically with respect to deposition testimony, all depositions shall be treated as CONFIDENTIAL- ATTORNEYS' EYES ONLY until twenty-one (21) days after the deposition transcript is prepared.

5. **Non-Disclosure of Protected Information.** Information designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY ("Protected Information") shall not be disclosed to any person, nor shall the substance, essence or summary of what is contained in Protected Information be disclosed, except as authorized by this Order, by the written consent of the party who originally so designated the information, or pursuant to a subsequent order of this Court.

6. **Permissible Use of Protected Information.** Protected Information may be used only for purposes of this litigation, and for no other purpose whatsoever.

7. **Permissible Disclosures of "Confidential" Information.** Subject to the provisions of paragraph 9, information designated as CONFIDENTIAL may be disclosed only to the following:

    a. The Court and officials involved in this case (including court reporters and persons operating video recording equipment at depositions);

b. The parties' outside counsel, including their partners, associates, paralegals, secretaries and clerical and support personnel working with or under the supervision of counsel, to the extent reasonably necessary to render professional services in this action;

c. Officers, directors, or employees of the parties, solely for the purpose of and to the extent necessary for prosecution, defense and/or appeal of this action;

d. Former officers, directors, or employees of the parties whose assistance is reasonably required by that party or any of its attorneys to work on or potentially testify at deposition or trial in this action, or to assist in or evaluate this action, but solely for the purpose of and to the extent necessary for prosecution, defense and/or appeal of this action and only after being advised of and bound by the provisions of this Protective Order;

e. Any person designated by the Court or acting pursuant to Court appointment in the interest of justice;

f. Any mediator appointed by the Court, and his or her support personnel working with or under the mediator's supervision in connection with the mediator's services provided in this matter; and

g. The following additional qualified persons:

(i) Experts or consultants, together with their clerical staff, retained by counsel for the parties to assist in the prosecution, defense or settlement of this action;

(ii) Non-party witnesses, to the extent reasonably necessary to examine such witnesses in depositions or trial proceedings;

(iii) Third-party contractors (and their employees) engaged by and working under the supervision of the parties' outside counsel, to the extent reasonably necessary to render professional services in this action; and

(iv) Any other person as to whom all parties in writing agree.

8. **Permissible Disclosures of "Attorneys' Eyes Only" Information.** Subject to the provisions of paragraph 9, information designated as "Attorneys' Eyes Only" may be disclosed only to the following:

   a. The Court and officials involved in this case (including court reporters and persons operating video recording equipment at depositions);

   b. The parties' outside counsel, including their partners, associates, paralegals, secretaries and clerical and support personnel working with or under the supervision of counsel, to the extent reasonably necessary to render professional services in this action;

c. Any person designated by the Court or acting pursuant to Court appointment in the interest of justice;

d. Any mediator appointed by the Court, and his or her support personnel working with or under the mediator's supervision in connection with the mediator's services provided in this matter; and

e. The following additional qualified persons:

   (i) Experts or consultants, together with their clerical staff, retained by counsel for the parties to assist in the prosecution, defense or settlement of this action;

   (ii) Third-party contractors (and their employees) engaged by and working under the supervision of the parties' outside counsel, to the extent reasonably necessary to render professional services in this action; and

   (iii) Any other person as to whom all parties in writing agree.

9. **Undertaking**. Prior to receiving any Protected Information, each person described in the provisions of paragraphs 7(g) and 8(e) above shall be provided a copy of this Order and shall execute a nondisclosure agreement in the form of Exhibit A or substantially equivalent thereto, a copy of which shall be maintained by counsel making the disclosure. Notwithstanding the above,

a. an individual who is reasonably indicated by a designated document to be either the author or a recipient of such document may be shown the document without complying with the requirements of this paragraph, but may not retain any copy thereof or notes concerning it without having complying with the requirements of this paragraph; and,

b. for third-party contractors operating solely in a support capacity (such as database providers), their execution of a general nondisclosure agreement with the law firm(s) for which they are providing support services that is sufficient to cover their work on matters pertaining to this litigation and that is no less protective than the terms of this Order shall be deemed sufficient to meet the requirements of this Order.

10. **Declassification**. In the event that either party disagrees with the designation of any information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the parties will first attempt to resolve such dispute informally. If they are unsuccessful, however, the objecting party may apply to the Court for a ruling that the disputed information is not entitled to such status and protection. The designating party shall be given notice of the application and an opportunity to respond. The contested information shall be treated according to its designation unless and until the Court rules otherwise.

11. **Redaction of Protected Information**. If a document, thing, and/or information contains both designated and undesignated portions, those designated portions shall be deleted or redacted therefrom before disclosing to any person other than those persons designated in paragraphs 7 and 8 above.

12. **Use of Protected Information in Court Proceedings.** Before filing any Protected Information with the Court, or filing any pleadings, motions or other papers that disclose any such information, the counsel intending to file the Protected Information shall confer with counsel for the party that produced the Protected Information about how it should be filed. If the party that produced the Protected Information desires that the materials be filed under seal, then the filing party shall file the materials in accordance with paragraph 13, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal in accordance with Local Civil Rule 6.1 or its then-operative equivalent. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to

Seal, then the materials will be deemed unsealed, without need for order of the Court.

13. **Motions to Seal**. Each time a party seeks to file under seal confidential documents, things, and/or information, including confidential portions of any transcript, said party shall follow the requirements of Local Civil Rule 6.1 or its then-operative equivalent.

14. **Procedure for Filing under Seal**. When a party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, a party shall submit such materials to the court pursuant to Section II(A)(11) of the Administrative Procedures Governing Filing and Service by Electronic Means, or its then-operative equivalent.

15. **Inadvertent Production**. If a party or other person inadvertently produces or discloses information without first designating it as Protected Information under this Order, that inadvertent production shall not operate as a waiver of that party's ability to later assert that the inadvertently produced information is in fact protected and should thereafter be treated as such provided that the party that failed to designate the information's status as Protected Information gives prompt, written notice of the desired designation to all parties after discovery of any failure to designate. The party that made the inadvertently un-marked disclosure shall provide a replacement copy of the Protected Information at issue

to the other party, which is properly stamped or otherwise designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information. The party receiving such subsequent designation and replacement copy shall immediately give notice thereof to each person, if any, to whom the previously improperly designated document or other information was in the interim disclosed, shall diligently attempt to retrieve or obtain destruction of all copies of the unmarked or improperly marked documents or information that were distributed, and thereafter such document or information shall be subject to the provisions of this Protective Order and shall be treated as if it had been so designated from the date it was first provided except that no person shall be liable for failure to follow the terms of this Order prior to receipt of notice of the corrected designation.

16. **Subpoena by Other Courts or Agencies**. If any non-party subpoenas or seeks access to or production of Protected Information which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document or information as protected of the pendency of such subpoena or order, and the party from whom discovery is sought shall cooperate in maintaining, to the extent possible, the confidentiality of the Protected Information.

17. **Third Party Materials**. All materials obtained from a third party by subpoena shall be treated as "Attorneys' Eyes Only" under this Order for at least thirty (30) days after all parties receive the materials. Any party shall have the right, within thirty (30) days of receiving the third party materials, to designate in writing a higher level of protection than that designated by the producing third party.

18. **Modification Permitted**. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper. In particular, nothing in this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection for any information, document or thing as the party may consider appropriate in the circumstances. This Order may only be modified by further order of this Court.

19. **Conclusion of Action**.

a. All provisions of this Order restricting the disclosure or use of Protected Information shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered. Neither the termination of this action nor the termination of the employment, engagement, or agency of any person who had access to any Protected Information shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on the use of any Protected Information disclosed pursuant to this Order.

b. Within sixty (60) calendar days after termination of this action, including all appeals, unless the attorneys of record otherwise agree in writing, each party shall assemble and return all Protected Information, including copies, to the person or entity from whom the Protected Information was obtained, or shall certify that the Protected Information has been destroyed. However, the attorney of record may retain one (1) copy of any Protected Information for archival purposes solely for the purpose of addressing or defending any alleged violation of this Order.

c. The ultimate disposition of Protected Information shall be subject to a final order of the Court upon completion of this litigation.

    IT IS SO ORDERED.

Signed: August 30, 2017

Martin Reidinger
United States District Judge

**APPROVED AND AGREED TO BY COUNSEL:**

| OLIVE & OLIVE, P.A. | SMITH MOORE LEATHERWOOD LLP |
| Attorneys for Plaintiff | Attorneys for Defendants |

/s/ Susan Freya Olive
Susan Freya Olive
  NC Bar No. 7252
David McKenzie
  NC Bar No. 36376
P. O. Box 2049
Durham, North Carolina 27702
Telephone: (919) 683-5514
emailboxWDNC@oliveandolive.com

/s/ J. Douglas Grimes
J. Douglas Grimes
NC Bar No. 32699
SMITH MOORE LEATHERWOOD LLP
101 N. Tryon Street, Suite 1300
Charlotte, NC 28246
Phone: 704-384-2692
Fax: 704-384-2939
Email:
    doug.grimes@smithmoorelaw.com

DORITY & MANNING, P.A.
Attorneys for Defendants

Steve LeBlanc
DORITY & MANNING, P.A.
P.O. Box 1449
Greenville, S.C. 29602-1449
Tel: 864-271-1592
Fax: 864-233-7342
srl@dority-manning.com

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# Civil Case No. 1:17-cv-59

| | |
|---|---|
| SEVERN PEANUT COMPANY, INC. <br> Plaintiff, <br><br> vs. <br><br> KRISTI T. HAMPTON, individually; <br> THOMAS HAMPTON, individually; <br> KRISTI T. HAMPTON and THOMAS <br> HAMPTON, jointly and as effectively a <br> marital general partnership, <br> Defendants. | UNDERTAKING |

I have read the Protective Order entered in this action and agree to be bound by its terms. I understand that disclosure of Protected Information, except as provided under the Protective Order, constitutes contempt of court, and I consent to the exercise of personal jurisdiction of this Court for purposes of enforcement of the provisions of the Joint Protective Order against me if necessary. I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____     Signature: _____

                                                               Name: _____